IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MAHDI LAWSON,** | * | |
| *Petitioner*, | * | |
| | * | Criminal No. RWT-13-702 |
| v. | * | Civil No. RWT-17-122 |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent*. | * | |

## MEMORANDUM OPINION AND ORDER

This is a drug trafficking case in which, following the execution of a search warrant on Petitioner Mahdi Lawson's ("Lawson") residence, he was charged with possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking offense, and possession with intent to distribute controlled substances. ECF No. 63. Before trial, Lawson pled guilty to all three charges. ECF No. 66. Lawson has now filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which asserts four ineffective assistance of counsel arguments that he believes are proper grounds for relief.[1] ECF No. 82.

## BACKGROUND

On November 17, 2012, a search warrant was executed at Lawson's residence. ECF No. 67-1 at 1. The search revealed a loaded semi-automatic gun, 2.8 grams of marijuana, multiple small baggies containing in total 2.66 grams of cocaine, two pills of MDMA, and two bags of glassine baggies. *Id*. The loaded gun was found in a backpack in the living room. *Id.*

---

[1] Lawson also submitted a Motion for an Evidentiary Hearing On 28 U.S.C. § 2255. ECF No. 101. The Court deems an evidentiary hearing unnecessary and denies the motion because Lawson's allegations in his § 2255 motion are merely contradictions of statements he made when pleading guilty.

On December 18, 2013, a Grand Jury returned a two-count Indictment charging Lawson with (1) possession of a firearm in violation of 18 U.S.C. § 922(g) and (2) possession of cocaine base, or crack, with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. ECF No. 8. On November 16, 2015, the Government filed a Superseding Indictment, charging Lawson with a third count—possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). ECF No. 63 at 3. On November 30, 2015, Lawson pled guilty to all three counts. ECF No. 66. On January 20, 2016, the Court sentenced Lawson to a 180 month term of imprisonment, followed by three years of supervised release. ECF No. 80 at 2–3. On January 12, 2017, Lawson filed a timely motion pursuant to 28 U.S.C. § 2255 seeking to set aside, correct, or vacate his sentence. ECF No. 82. The Government responded in opposition on June 8, 2017. ECF No. 96. Lawson filed replies in support of his motion, ECF Nos. 100, 106, and moved for an evidentiary hearing, ECF No. 101.

**DISCUSSION**

Under § 255, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *See id.*

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*,

2

366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694.[2] Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### I.     Lawson's Counsel Was Not Ineffective for Advising Him to Plead Guilty.

Lawson argues that the drugs discovered at his residence were for his personal use and that his firearm was not used in furtherance of drug trafficking. ECF No. 82 at 4–5, 10–11. Lawson claims that his attorney advised[3] him to plead guilty despite his repeated assertions of innocence. *Id.* at 7–8, 10–15. Lawson argues that there is insufficient factual basis to support

---

[2] *See also United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("[I]n the guilty plea context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination . . . depends on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.").

[3] Lawson uses the terms "advised" and "coerced" interchangeably in his filings.

3

his conviction, and his attorney should have interviewed two witnesses who would have supported his claims that the drugs were for personal consumption. *Id.* at 8–10.

Lawson knowingly and voluntarily pled guilty. Lawson proactively contested and successfully modified the factual statement included with his plea agreement.[4] ECF No. 96-6 at 33–39. He told the Court that he had no other concerns about the factual statement, that there was nothing that he didn't understand about the proceedings, and that he was pleading guilty because he was, in fact, guilty. *Id.* at 36–39. At his sentencing, he also told the Court that he was satisfied with the services of his attorney. ECF No. 96-7 at 4–8. These statements "carry a strong presumption of verity" and "present 'a formidable barrier in [this] subsequent collateral proceeding[].'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Lawson does not proffer any evidence to support his bald assertions of coercion, and thus, his allegations are "palpably incredible." *See id.*

Furthermore, Lawson's attorney was not deficient for refraining from interviewing two witnesses. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. Here, the physical evidence against Lawson was strong. Police officers found cocaine base that was packaged in multiple small baggies inside

---

[4] The factual statement was modified to delete the date modifier in a single sentence. ECF No. 67-1 at 1 ("~~On November 16, 2012~~, LAWSON had carried the firearm to conduct a drug transaction."). Lawson argues that, without this date modifier, under *Braxton v. United States*, 500 U.S. 344 (1991) and *Bailey v. United States*, 516 U.S. 137 (1995), the Court did not have enough of a factual basis to accept his guilty plea. *See* ECF No. 82 at 8–10; ECF No. 100 at 2–3. However, the removal of a specific date does not disturb the voluminous other facts in the statement. The full statement references the carrying of a gun in furtherance of a drug transaction, the requisite criminal history to establish Lawson's status as a felon, and a number of other pieces of evidence recovered by law enforcement—drug distribution paraphernalia; the drugs themselves; and a backpack containing a firearm, a controlled substance, and Lawson's identification documentation. *See* ECF No. 67-1 at 1. Unlike *Braxton*, there is more than an inference of guilt here; Lawson actually pled guilty to all three Counts. Furthermore, *Bailey* was abrogated by Congress to no longer require proof of "active employment of the firearm by the defendant" under § 924(c), only "possession in furtherance of" a drug trafficking crime. *See, e.g.*, *United States v. Timmons,* 283 F.3d 1246, 1252 (11th Cir. 2002); *United States v. Ceballos–Torres,* 218 F.3d 409, 413 (5th Cir. 2000). Accordingly, Lawson's flawed legal analysis is unavailing.

4

another baggie—a fact indicative of distribution. ECF No. 67-1 at 1; ECF No. 96 at 16. The gun and the drugs were found in Lawson's home, where he admitted they would be. ECF No. 67-1 at 1; ECF No. 96 at 16. Even if Lawson's attorney had successfully contacted and interviewed both witnesses, at best there would have been two other persons involved in illegal drug activity with questionable credibility. ECF No. 96 at 16. It was not "outside the wide range of reasonable professional assistance" for Lawson's attorney to decide not to interview these two witnesses, and to negotiate for and advise Lawson to accept a favorable plea bargain. *See Strickland*, 466 U.S. at 690. Assuming, *arguendo*, that counsel's performance was deficient, Lawson cannot demonstrate prejudice because the testimony from these two witnesses would not have changed counsel's recommendation to him that he plead guilty. *See Hill*, 474 U.S. at 59.

## II. The Superseding Indictment Did Not Violate the Speedy Trial Act.

Lawson next asserts that his counsel's performance was deficient for failing to move to dismiss Counts Two and Three of the Superseding Indictment as untimely under the Speedy Trial Act. ECF No. 82 at 16–17. Lawson argues those two counts were filed nearly two years after his initial appearance, and therefore were unlawful. *Id.* Lawson's argument lacks merit. First, contrary to Lawson's assertion, only Count Three was added in the Superseding Indictment. ECF No. 63 at 3. Second, the Superseding Indictment was timely because the original Indictment was filed within the thirty-day time frame pursuant to 18 U.S.C. § 3161(b),[5] and Lawson's counsel cannot be ineffective for "failure to raise a legally meritless claim." *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

---

[5] 18 U.S.C. § 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Superseding indictments filed outside of the thirty-day time frame do not violate § 3161(b) so long as the original indictment was filed within the required thirty-day time frame. *See United States v. Hasan*, 747 F. Supp. 2d 642, 689 (E.D. Va. 2010); *accord United States v. Hemmings*, 258 F.3d 587, 591–92 (7th Cir. 2001) (listing cases); *United States v. Walker*, 545 F.3d 1081, 1086 (D.C. Cir. 2008).

### III. Lawson's Interstate Agreement On Detainers Act ("IAD") Challenge Is Improper and Lacks Merit.

Lawson contends that his counsel was deficient for not moving to dismiss based upon violations of the IAD. ECF No. 82 at 18–19. He argues that the Government violated the anti-shuttling provision by transferring him from state custody to federal custody five times before his federal prosecution was resolved. *See* 18 U.S.C. app. 2 § 2, art. IV; ECF No. 82 at 18–19.

First, violations of the IAD's anti-shuttling provision are not subject to habeas review. *See Pethtel v. Ballard*, 617 F.3d 299, 304 (4th Cir. 2010). However, even if Lawson's IAD claim were reviewable, the anti-shuttling provision is not applicable to him because of his status as a state pretrial detainee. *See United States v. Wilson*, 27 F.3d 1126, 1130 (6th Cir. 1994). The record shows that two out of the five transfers occurred when Lawson was a state pretrial detainee. *See* ECF Nos. 5, 15, 66, 73, 78. Lawson's federal prosecution was resolved on November 30, 2015, when he entered his guilty plea. *See, e.g*, *United States v. Coffman*, 905 F.2d 330, 333 (10th Cir. 1990); *Devine v. United States*, Civ. No. DKC-13-2369, 2014 WL 4987983, at *3–4 (D. Md. Oct. 3, 2014). Although he was both a state prisoner and a pretrial detainee during the last three transfers, his federal prosecution had already been resolved. *Accord id.* Therefore, Lawson was not detained in violation of the IAD.

### IV. The Petitioner Was Properly Sentenced Without the Aid of a Presentence Investigation Report ("PSR").

Lawson claims that his counsel's performance was deficient for "permitting" him to be sentenced without a PSR. ECF No. 82 at 19–20. Rule 32(c)(1)(A)(ii) provides that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains

its finding on the record." Here, the Court was aided by a pre-plea criminal history report, and a plethora of additional information in the record to meaningfully determine a sentence. *See* ECF No. 96-7 at 9–15. At sentencing, this Court discussed its authority to impose a sentence without a PSR, and explicitly addressed the § 3553(a) factors in detail. *See id.* at 31–35. Thus, the Court properly sentenced Lawson under Rule 32(c)(1)(A)(ii), and Lawson's sentencing claims lack merit.

## CERTIFICATE OF APPEALABILITY

Lawson may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Lawson's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Lawson's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that none of Lawson's claims are adequate to satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. Lawson's motion will be denied and no certificate of appealability shall issue. Accordingly, it is, this 16th day of April, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 [ECF No. 82] is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for an Evidentiary Hearing On 28 U.S.C. § 2255 [ECF No. 101] is hereby **DENIED**; and it is further

**ORDERED**, that a Certificate of Appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-17-122.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE